a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM BERNARD FREEMAN #25555-064, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00470 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN MERRENDINO, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by pro se Petitioner William Bernard Freeman ("Freeman"). Freeman is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains that he is being denied the application of good time credits under the First Step Act because of his risk assessment level.

Because Freeman's claim is unexhausted and meritless, the Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Freeman alleges that he is eligible to earn Federal Time Credits ("FTC") under the First Step Act of 2018. Freeman was classified as having a medium risk of recidivism under the Prisoner Reassessment Tool Targeting Estimate Risk and Needs ("PATTERN"). ECF No. 1-2 at 1.

1

According to Freeman, the Warden posted a memo on January 20, 2022, stating in part:

> While inmates with High and Medium PATTERN risk scores are eligible to earn FTC [Federal Time Credits], only those with Low and Minimum scores may apply them.

ECF No. 1-2 at 1.

Freeman argues that the BOP's construction of the First Step Act and the application of FTC is contrary to the "clear congressional intent and conflicts with 18 U.S.C. 3632(d)(4) and 3624(g)(1)." *Id.* at 3.

## II. LAW AND ANALYSIS

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). After filing an informal resolution attempt (BP-8), a prisoner may file a formal complaint to the warden (BP-9). *See* 28 C.F.R. §§ 542.13-542.14. If an inmate is not satisfied with the Warden's response, the inmate may appeal the response to the Regional Director (BP-10). *See* 28 C.F.R. § 542.15(a). If an inmate is dissatisfied with the regional response, the inmate may file an appeal with the Office of General Counsel in Washington, D.C. (BP-11). *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. *Id.* Only after exhausting these available

administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Freeman does not show that he exhausted administrative remedies or sought any review of his classification level. Therefore, his Petition is subject to dismissal.

An exception to the exhaustion requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Even if Freeman could establish that exhaustion is futile, his Petition is without merit. As Freeman points out, under the First Step Act, a prisoner "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4).

Section 3624(g)(1) specifies the categories of prisoners that are eligible for early release. It states in part that FTC can be applied if a prisoner: "(B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624.

Freeman's claim that limiting the application of FTC to inmates with low or medium recidivism risks is contrary to congressional intent is contradicted by the

precise language of § 3624(g)(1). Congress specifically provides that eligible prisoners must show "a demonstrated recidivism risk reduction" or "a minimum or low recidivism risk." 18 U.S.C. § 3624. Thus, Freeman's claim is conclusory and baseless.

### III. Conclusion

Because Freeman's claim is unexhausted and meritless, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 17, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE